Knowledge DOWTIN, Petitioner–Appellant,

v.

Arthur COHEN, Superintendent of Greene Correctional Facility, Respondent–Appellee.

No. 04–6181–pr.

United States Court of Appeals, Second Circuit.

May 2, 2006.

Sally Wasserman, New York, New York, for Petitioner–Appellant.

Sholom J. Twersky, Assistant District Attorney (Charles J. Hynes, District Attorney for Kings County, Leonard Joblove, Amy Appelbaum, Victor Barall, Assistant District Attorneys, on the brief), Brooklyn, New York, for Respondent–Appellee.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. AMALYA L. KEARSE, and Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### AMENDED SUMMARY ORDER

Petitioner-appellant Knowledge Dowtin appeals from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) denying his petition for a writ of habeas corpus. The district court granted a certificate of appealability ("COA") on "the issue of lack of adequate identification." This phrase can plausibly describe more than one of Dowtin's claims—either his claim that pretrial identification procedures were unconstitutionally suggestive or his claim that the state's evidence was legally insufficient to prove his identity— and the district court never identified "which specific issue," 28 U.S.C. § 2253(c)(3), satisfied the standard for a COA. But Dowtin explicitly informs us that "[t]he only issue before this Court concerns the suggestive manner by which the police [secured] the identification evidence in this case," and the state discusses only this claim as well, so we understand the issue certified for appeal to be the suggestibility claim. We assume the parties' fa-

---

* The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

miliarity with the facts and procedural history.

■ We affirm the district court's judgment because regardless of whether the pretrial identification procedures were unconstitutionally suggestive, Dowtin has procedurally defaulted this claim. Dowtin did not raise the suggestiveness claim on direct appeal to the New York Supreme Court, Appellate Division, and thus has not properly presented it to the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). State-court remedies for this claimed violation are no longer available because Dowtin has already taken his one direct appeal and this claim is procedurally barred from consideration on a collateral attack on his conviction. *See* N.Y.Crim. Proc. Law § 440.10(2)(c); *People v. Dowtin*, No. 273/95, slip op. at 3 (N.Y.Sup.Ct. July 28, 2003) (finding Dowtin's suggestiveness claim procedurally barred on collateral review of the conviction under § 440.10(2)(c) because it was unjustifiably not raised on direct appeal). Dowtin's claim is therefore procedurally defaulted, and Dowtin can obtain federal habeas relief only by showing either cause and prejudice for the default or a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 485, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ Dowtin has not attempted to show cause for his procedural default of this claim in the Appellate Division. Dowtin does argue that any procedural default must be excused because a fundamental miscarriage of justice would result otherwise. To prove a fundamental miscarriage of justice, Dowtin must show that a constitutional violation probably resulted in his conviction despite his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321–25, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (linking miscarriages of justice to actual innocence); *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); *Carrier*, 477 U.S. at 496, 106 S.Ct. 2639.

Dowtin argues that he is actually innocent of the crimes at issue here, claiming that he could have been at the scene of the shooting as an innocent bystander. But eyewitness Rodrique Kelly had an unobstructed view of the shooter while pulling his car out of his shop, and Pascal Kelly's recognition of Dowtin as the shooter was based the clothes that Dowtin was wearing that day (which matched the clothes that Rodrique Kelly saw on the shooter), evidence that would be untainted by a suggestive lineup. Further, the victim of the shooting also confirmed that the shooter was wearing the type of jacket that Rodrique Kelly and Pascal Kelly saw. Finally, Dowtin has not supported his claim of actual innocence with any "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. For all these reasons, we find that no fundamental miscarriage of justice excuses the procedural default. Accordingly, federal habeas relief is precluded.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.